914 F.2d 270
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
LUDECA, INC., Plaintiff-Appellee,
v.
INDUSTRIAL MAINTENANCE SYSTEMS, INC., Defendant-Appellant.
 No. 90-1288.
 United States Court of Appeals, Federal Circuit.
 July 19, 1990.
 
 Before PLAGER, Circuit Judge, and FRIEDMAN and JACK R. MILLER, Senior Circuit Judges.
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 Ludeca, Inc. (Ludeca) moves to dismiss the appeal of Industrial Maintenance Systems, Inc. (IMS). IMS opposes the motion. Ludeca moves for leave to file a reply, with reply attached.
 
 
 2
 Ludeca filed an action in the United States District Court for the Western District of Pennsylvania against IMS (1) requesting a declaration that IMS had no right to threaten or maintain a patent lawsuit against Ludeca by reason of a settlement agreement, (2) requesting a declaration that Ludeca's sale of a certain product does not infringe IMS' patent or copyright claims, and (3) alleging intentional interference and unfair competition by IMS and requesting damages. IMS counterclaimed for a declaration that Ludeca's sale of a certain product infringes IMS' patent and copyright claims.
 
 
 3
 Ludeca moved for a partial summary judgment that declared that the settlement agreement barred IMS from maintaining or threatening a patent infringement suit. On February 22, 1990, the district court granted Ludeca's motion for partial summary judgment, determining that the settlement agreement "prohibits IMS from suing or threatening to sue Ludeca for any and all patent claims arising out of any past or future sales of the OPTALIGN."
 
 
 4
 IMS appealed from the partial summary judgment. Here, Ludeca moves to dismiss on the ground that the order is interlocutory and unappealable.
 
 
 5
 IMS argues that the order is appealable because it is an injunction, it has the practical effect of an injunction, or it is appealable pursuant to 28 U.S.C. Sec. 1292(c) (final except for an accounting). None of the arguments is persuasive. The language of the order declares the parties' rights under the contract. Moreover, even assuming for the sake of argument that the order has the practical effect of an injunction, IMS must also show that the order will cause serious if not irreparable harm and can only be challenged by immediate appeal. Woodard v. Sage Products, Inc., 818 F.2d 841 (Fed.Cir.1987) (in banc). IMS does not make such a showing. IMS' alternative argument that the order is final except for an accounting is totally devoid of merit in view of the copyright, intentional interference, and unfair competition claims remaining in the suit.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) Ludeca's motion to dismiss is granted.
 
 
 8
 (2) Ludeca's motion for leave to file a reply is granted.